The Summerville Macadamized, Graded or Plank-Road Company, plaintiff in error, *vs.* The Deutscher Schuetzen Club, defendant in error.

Where a plank-road company held a deed from the owner of land to the right of way, and had been in possession thereof more than twenty years, and it was sought by another corporation to open a road across the same, and a notice of the time and place of hearing, by order of court, was served on the plank-road company, and the county judge refused to allow it to be heard by attorney, upon the ground that it had no such interest in the land as would authorize it to be heard: *Held*, that it was error to refuse to sanction an application for *certiorari*, if the applicant for the new road would file a bond in the sum of $2,000.00 conditioned to pay to petitioner the value of the privilege of crossing such road.

*Certiorari.* Before Judge Gibson, Richmond county. At Chambers, June 20th, 1877.

Report unnecessary.

FRANK H. MILLER, for plaintiff in error.

BARNES & CUMMING, for defendant.

WARNER, Chief Justice.

This was an application to the judge of the superior court, by petition, for a writ of *certiorari*, to the judge of the county court of the county of Richmond, for the correction of certain alleged errors specified therein, which the judge of the superior court refused to sanction, if the applicants for the new road would give bond and security in the sum of $2,000.00 to pay petitioner for the privilege of crossing its road, whereupon the plaintiff in *certiorari* excepted. It appears from the record in the case that the Deutscher Schuetzen club, a corporation, petitioned the county judge of Richmond county to grant it the right of way from Crawford avenue to its land, as specified in its petition, which right of way, as prayed for, would necessarily cross the Augusta and Summerville plank road. The petitioner also prayed that, after all persons over whose lands said pass-way is sought, shall have had twenty days' notice in writing of said application, that commissioners might be appointed to view and lay out said road, and make report of their action, etc. On filing the foregoing petition, the county judge signed a notice directed to the Augusta and Summerville Plank-Road Company, and to Alexander Martin, executor of Angus Martin, deceased, notifying them that the petition had been filed, with a copy thereof, and that a hearing of the same would be had on the 14th of May, 1877. On the day appointed for the hearing, the plank-road company appeared by its attorney to resist the application, (Martin not appearing to object,) but the attorney for the petitioner for the right of way for the new road objected to the attorney for

the plank-road being heard at all in opposition to the new road crossing its road, and read to the court a deed from the executors of Angus Martin to the plank-road, dated in July, 1862, granting to it the right of way heretofore taken by said company, and now forming a portion of its road-bed, in consideration of the right to travel free of toll on said road granted by the company to the family of the deceased testator. It was admitted by the attorney for the petitioner for the new road, that the plank-road company, from the date of its incorporation, in April, 1853, until the present time, had had possession of and used the right of way without interruption or hindrance. The objection to the plank-road company being heard, after having been notified by the judge of the county court, appears to have been based upon the idea that it had no interest in the land which it was proposed to take for the new road, that the plank-road company had only an easement in the land; that it did not have such an interest in it own road as would entitle it to be heard in opposition to the petitioner's application for the new road across its plank-road, of which it had been in the possession and uninterrupted use for more than twenty years. The county judge refused to allow the attorney for the plank-road company to be heard, and that is one of the errors complained of in the petition for *certiorari*, which the judge of the superior court refused to sanction. To state the facts of the case, in view of the law applicable thereto, is to decide that it was error in refusing to sanction the *certiorari*, as prayed for by the petitioner.

Let the judgment of the court below be reversed.